UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Deborah Stockton<br>14029 N. 32nd Pl.<br>Phoenix, AZ 85032<br><br>        Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>c/o CT Corporation System,<br>Registered Agent<br>2394 East Camelback Road<br>Phoenix, AZ 85016<br><br>        Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around May 6, 2008, Defendant telephoned Plaintiff.

10. During the communication referenced in Paragraph 9, Defendant represented to Plaintiff that the original creditor would sue Plaintiff if Plaintiff did not pay by the end of May 2008.

11. During the communication referenced in Paragraph 9, Defendant stated that Plaintiff would be charged with a misdemeanor for "Theft by deception".

12. On or around May 12, 2008, Defendant telephoned Plaintiff's place of employment.

13. During the communication referenced in Paragraph 12, Plaintiff notified Defendant that Plaintiff was not allowed to receive personal telephone calls at Plaintiff's place of employment.

14. During the communication referenced in Paragraph 12, Plaintiff notified Defendant that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

15. During the communication referenced in Paragraph 12, Defendant represented that Arizona statutes allowed Defendant to telephone Plaintiff wherever and whenever Defendant wanted to.

16. Despite the notices referenced in Paragraphs 13 and 14, on or around May 17, 2008, Defendant telephoned Plaintiff's place of employment and left a voice message.

17. Despite the notices referenced in Paragraphs 13 and 14, on or around May 19, 2008, Defendant telephoned Plaintiff's place of employment and left a voice message.

18. As a result of Defendant's conduct, Plaintiff feared that a lawsuit against Plaintiff was imminent.

19. As a result of Defendant's conduct, Plaintiff became extremely upset and lost sleep.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

### Invasion of Privacy by Intrusion upon Seclusion

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

34. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

35. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

36. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

37. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

39. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN

By: */s/ Carlene M. Simmons*
Carlene M. Simmons
101 N. First Ave.
Suite 2080
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
cms@legalhelpers.com
*Attorney for Plaintiff*